## THE STATE V. J. MILLER.

1. The common law rule which required " certainty to a certain intent in every particular " is not in force in regard to indictments framed under the code of this State.

2. Indictment charged that M. did " wilfully, fraudulently, and unlawfully steal, take, and carry away, from the possession of Z. J., without the consent of the said Z. J., and with the intent to deprive the said Z. J. of the value thereof, and to appropriate it to his said M.'s own use, one beef steer branded H and marked a crop and split in the left ear, and upper bit in right ear; the said beef steer being then and there the property of some person whose name is unknown to the grand jury," of the value, etc, etc.  Defendant moved to quash, because the indictment does not charge the steer not to be the property of the defendant, nor that it was taken without the consent of the owner and with the intent to defraud.  *Held*, that the indictment was sufficient, the objections to it frivolous, and the ruling of the court below erroneous in sustaining them.

APPEAL from Coryell.   Tried below before the Hon. J. P. Osterhout.

The facts are indicated in the head notes.   The State excepted to the quashal of the indictment.

*Wm. Alexander*, Attorney General, for the State.

No brief for the appellee.

WALKER, J.—We think the exceptions well taken in this case. The strict rule of the common law requiring " certainty to a cer-

tain intent in every particular," is not the rule under our law. The objections to the indictment were frivolous, and the court erred in sustaining them.

The judgment is reversed and the cause remanded.

Reversed and remanded.